## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

| | |
|---|---|
| **KIMBERLY PRICE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:21-cv-00140 |
| v. ) | |
| ) | |
| **HCP SERVICES, LLC**, ) | |
| **JONATHAN TUMA** and ) | |
| **MABEL CHE-TUMA**, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, Kimberly Price ("Ms. Price"), and for her Complaint against Defendants, HCP Services, LLC, Jonathan Tuma, and Mabel Che-Tuma ("Defendants") pleads as follows:

## PARTIES AND JURISDICTION

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from Defendants for violations of the Fair Labor Standards Act ("FLSA").

2. Kimberly Price is a resident of Florida.

3. Defendant HCP Services, LLC ("HCP") is a Florida limited liability company whose principal place of business is located at 23 NW 33rd Court, Gainesville, Florida 32606.

4. Defendants Jonathan Tuma and Mabel Che-Tuma are both residents of Gainesville, Florida.

5. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

6. Venue in this District is proper because all of the parties reside in this District and because most or all of the acts and events described in this Complaint took place within this District.

1

**FACTS COMMON TO ALL COUNTS**

7. At all relevant times, Defendant HCP Services, LLC was an employer in the business of providing home care services, home health care services, and related services in Alachua County Florida and the surrounding area.

8. At all relevant times, HCP had annual gross sales in excess of $500,000.00 and more than two employees who regularly handled goods that moved in or were produced for interstate commerce.

9. At all relevant times, Defendants Jonathan Tuma and Mabel Che-Tuma were both members of HCP Services, LLC and also held positions as the officers, or acted in the role of officers, in HCP Services, LLC.

10. At all relevant times, Defendants Jonathan Tuma and Mabel Che-Tuma both had authority to hire and fire employees at HCP, supervise and control work schedules and conditions of employment, and decide how much each employee would be paid. Defendants Jonathan Tuma and Mabel Che-Tuma both exercised said authority on a regular basis.

11. In or around August of 2017, Defendants hired Ms. Price to work in a dual role of Personal Care Assistant and Human Resources Manager for HCP Services, LLC. When Defendants initially hired Ms. Price, they paid her $10.00 per hour for her work in both positions. After Ms. Price had worked at HCP for about two years, HCP raised her pay to $11.00 per hour for her work as Human Resources Manager; her wage for work as a Personal Care Assistant remained at $10.00 per hour. Ms. Price's pay remained at that rate ($11.00 for HR Manager and $10.00 for Personal Care Assistant) until she left her employment with HCP, on or about September 8, 2020.

12. In her dual role as Personal Care Assistant and Human Resources Manager, Ms. Price was required to assume the duties of two full time jobs. Defendants required Ms. Price to work

2

well in excess of 40 hours per week during most of the weeks that she worked for HCP. Ms. Price usually worked 80 to 100 hours or more in a typical work week.

13. Notwithstanding the fact that they required Ms. Price to work 80 to 100 hours per week, Defendants never paid Ms. Price overtime pay.

14. The Defendants' failure to pay overtime pay to Ms. Price was done knowingly and intentionally.

15. All conditions precedent to maintaining this action have occurred or otherwise been waived.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT - HCP SERVICES, LLC

16. Plaintiff incorporates Par. 1 - 15 above by reference as though fully set forth herein.

17. Defendant HCP Services, LLC regularly engaged in interstate commerce and its employees, including Ms. Price, handled and used materials that moved in interstate commerce.

18. At all relevant times, Defendant HCP Services, LLC was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

19. Ms. Price at all relevant times was a non-exempt employee of Defendants, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

20. The FLSA requires an employer to pay its employees time and one-half when the employees work more than 40 hours per week.

21. Defendant HCP Services, LLC violated the overtime provisions of the Fair Labor Standards Act by not paying Ms. Price time and one-half when she worked more than 40 hours in a given week.

22. Upon information and belief, the wage and pay scale at HCP Services, LLC was unilaterally imposed upon Ms. Price by Defendants.

23. Defendant HCP's failure to properly compensate Ms. Price for her overtime violates the overtime provisions of the FLSA and the regulations thereunder.

24. Defendant HCP's failure to compensate Ms. Price for her overtime was a willful and knowing violation of the Act.

25. As a result of Defendant HCP's willful and knowing failure to properly compensate Ms. Price, she has suffered damages.

26. Pursuant to 29 U.S.C. §§206, 207 and 216, Defendant HCP owes Ms. Price compensation at a rate of one and one-half times her agreed hourly rate for the overtime hours she worked, and an additional equal amount as liquidated damages, plus attorney's fees and costs of litigation.

WHEREFORE, Plaintiff Kimberly Price demands:

Judgment against Defendant HCP Services, LLC for unpaid wages, liquidated damages, pre- and post- judgment interest, nominal damages, attorney fees and legal costs; fand

A trial by jury on all issues so triable; and

Such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT – JONATHAN TUMA

27. Plaintiff incorporates Par. 1 - 15 above by reference as though fully set forth herein.

28. At all relevant times, Defendant Jonathan Tuma was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

29. Ms. Price at all relevant times was a non-exempt employee, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

4

30. The FLSA requires an employer to pay his or her employees time and one-half when the employees work more than 40 hours per week.

31. Defendant Jonathan Tuma violated the overtime provisions of the Fair Labor Standards Act by not paying Ms. Price time and one-half when she worked more than 40 hours in a given week.

32. Upon information and belief, the wage and pay scale at HCP Services, LLC was unilaterally imposed upon Ms. Price by Defendant Jonathan Tuma.

33. Defendant Jonathan Tuma's failure to properly compensate Ms. Price for her overtime violates the overtime provisions of the FLSA and the regulations thereunder.

34. Defendant Jonathan Tuma's failure to compensate Ms. Price for her overtime was a willful and knowing violation of the Act.

35. As a result of Defendant Jonathan Tuma's willful and knowing failure to properly compensate Ms. Price, she has suffered damages.

36. Pursuant to 29 U.S.C. §§206, 207 and 216, Defendant Jonathan Tuma owes Ms. Price compensation at a rate of one and one-half times her agreed hourly rate for the overtime hours she worked, and an additional equal amount as liquidated damages, plus attorney's fees and costs of litigation.

WHEREFORE, Plaintiff Kimberly Price demands:

Judgment against Defendant Jonathan Tuma for unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees and legal costs; and

A trial by jury on all issues so triable; and

Such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT – MABEL CHE-TUMA

37. Plaintiff incorporates Par. 1 - 15 above by reference as though fully set forth herein.

38. At all relevant times, Defendant Mabel Che-Tuma was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

39. Ms. Price at all relevant times was a non-exempt employee, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

40. The FLSA requires an employer to pay his or her employees time and one-half when the employees work more than 40 hours per week.

41. Defendant Mabel Che-Tuma violated the overtime provisions of the Fair Labor Standards Act by not paying Ms. Price time and one-half when she worked more than 40 hours in a given week.

42. Upon information and belief, the wage and pay scale at HCP Services, LLC was unilaterally imposed upon Ms. Price by Defendant Mabel Che-Tuma.

43. Defendant Mabel Che-Tuma's failure to properly compensate Ms. Price for her overtime violates the overtime provisions of the FLSA and the regulations thereunder.

44. Defendant Mabel Che-Tuma's failure to compensate Ms. Price for her overtime was a willful and knowing violation of the Act.

45. As a result of Defendant Mabel Che-Tuma's willful and knowing failure to properly compensate Ms. Price, she has suffered damages.

46. Pursuant to 29 U.S.C. §§206, 207 and 216, Defendant Mabel Che-Tuma owes Ms. Price compensation at a rate of one and one-half times her agreed hourly rate for the overtime hours she worked, and an additional equal amount as liquidated damages, together with  an

additional sum for attorney's fees and costs of litigation.

WHEREFORE, Plaintiff Kimberly Price demands:

Judgment against Defendant Mabel Che-Tuma for unpaid wages, liquidated damages, pre- and post- judgment interest, nominal damages, attorney fees and legal costs; and

A trial by jury on all issues so triable; and

Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 27th day of August, 2021.

LAW OFFICE OF THOMAS MCDERMOTT, LLC

By: */s/ Thomas McDermott*
Thomas McDermott
Fla. Bar No. 0108906
901 NW 8th Avenue, Suite A-6
Gainesville FL 32601
Tel. (352) 451-4980
mcdermott.lawyer@gmail.com
Attorney for Plaintiff